95 F.3d 1163
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary E. SUMAKERIS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 United States Court of Appeals, Federal Circuit.
 July 8, 1996.
Rehearing Denied Aug. 30, 1996.
 
 1
 Before MAYER, LOURIE, and SCHALL, C.JJ.
 
 DECISION
 PER CURIAM
 
 2
 Mary E. Sumakeris appeals from the final decision of the United States Court of Federal Claims holding, on summary judgment, that she was not entitled to receive survivor benefits under the Army's Survivor Benefit Plan (SBP). Sumakeris v. United States, 34 Fed. Cl. 246 (1995). Because Sumakeris has not demonstrated any error in the court's decision, we affirm.
 
 DISCUSSION
 
 3
 Appellant married Joseph Sumakeris in 1966 when he was an active duty member of the United States Army. In November 1984, Mr. Sumakeris elected to participate in the Army's SBP, naming appellant as his beneficiary. He retired from the Army in January 1985. On October 23, 1986, Mr. and Mrs. Sumakeris were legally separated. Shortly thereafter, Mr. Sumakeris elected to withdraw from the SBP, as permitted under the Survivor Benefit Plan Amendments of 1985. Pursuant to those amendments, he provided the Army with the name of appellant, his existing beneficiary under the SBP, and listed her address as the same as his own address in Fayetteville, North Carolina. The Army mailed a notice to appellant, at that address, advising her that Mr. Sumakeris had withdrawn from the SBP. Since the couple had separated, however, they apparently no longer resided together and appellant apparently never received the notice. Mr. and Mrs. Sumakeris were divorced in October 1987. Mr. Sumakeris died in 1993.
 
 
 4
 In March 1994, appellant filed suit in the United States Court of Federal Claims, seeking the payment of survivor benefits under the SBP. On cross-motions for summary judgment, the court held that although the Army did not adequately notify and counsel appellant regarding her husband's withdrawal from the SBP, she was not entitled to receive benefits under the SBP because Mr. Sumakeris did not make an election for former spouse coverage within one year after the date of their divorce, as required by 10 U.S.C. § 1448(b)(3)(A). Accordingly, the court granted summary judgment in favor of the government and dismissed the case. This appeal followed.
 
 
 5
 Appellant does not argue that there were any genuine issues of material fact precluding summary judgment. Rather, she contends that she was never informed of her husband's withdrawal from the SBP or counseled by the Army. The Court of Federal Claims, in fact, found in her favor on these points. Therefore, there is no dispute that Mr. Sumakeris's election to withdraw from the SBP was null and void. See Kelly v. United States, 826 F.2d 1049 (Fed.Cir.1987).
 
 
 6
 This does not mean, however, that appellant is entitled to receive benefits under the SBP. Rather, because appellant and Mr. Sumakeris were divorced, she does not qualify for SBP benefits as a "widow." See 10 U.S.C. § 1447(3). Furthermore, appellant does not qualify for SBP benefits as a "former spouse," because Mr. Sumakeris did not make an election for former spouse coverage within one year after their divorce, as required by 10 U.S.C. § 1448(b)(3)(A). The trial court so held, and appellant provides no persuasive reason to question that holding. Having carefully considered the relevant statutory provisions and the undisputed facts, we discern no error in the court's conclusion that appellant is not entitled to receive benefits under the SBP. Thus, we affirm the court's decision granting summary judgment for the government.